91 F.3d 166
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Francisco T. QUIAMBAO, Petitioner,
v.
OFFICE OF PERSONNEL MANAGEMENT, Respondent.
 No. 95-3073.
 United States Court of Appeals, Federal Circuit.
 April 12, 1996.
 
 Before RICH, Circuit Judge, COWEN, Senior Circuit Judge, and PLAGER, Circuit Judge.
 ON MOTION
 RICH, Circuit Judge.
 
 ORDER
 
 1
 The Office of Personnel Management (OPM) moves for summary affirmance of the Merit Systems Protection Board's decision holding that Francisco T. Quiambao was not entitled to retirement benefits under the Civil Service Retirement Act (CSRA), 5 U.S.C. § 8331 et seq. Quiambao has not responded.
 
 
 2
 Quiambao was employed by the Department of the Air Force at Camp O'Donnell and Clark Air Base, Philippines from 1947 until 1965 and from 1967 until 1987, when he retired. In 1993, Quiambao applied for retirement benefits under the CSRA. OPM denied Quiambao's application, and he appealed OPM's denial to the Board. The Administrative Judge (AJ) determined that Quiambao's service from 1947 until 1965 had been paid from nonappropriated funds and noted that, with certain limited exceptions, an employee paid from nonappropriated funds is not considered an "employee" under the CSRA. See 5 U.S.C. § 2105(c). The AJ also determined that Quiambao did not meet the criteria under the Nonappropriated Fund Instrumentalities Employees' Retirement Credit Act of 1986. See 5 U.S.C. § 8332(b)(16). Thus, the AJ concluded that Quiambao had neither creditable nor covered federal civilian employment and was not entitled to retirement benefits under the CSRA on the basis of his service from 1947 until 1965. See 5 U.S.C. § 8333(b).
 
 
 3
 Further, the AJ determined that Quiambao's service from 1967 until 1987 was under a series of indefinite, excepted appointments that were specifically excluded from CSRA coverage pursuant to 5 C.F.R. § 831.201(a)(12)-(13). The AJ concluded that while Quiambao had completed at least five years of creditable federal civilian employment in post-1954 service, he had not been employed in a position covered by the CSRA for at least one of his last two years of service. See 5 U.S.C. § 8333(b); 5 U.S.C. § 8347(g). Quiambao petitioned this court for review.
 
 
 4
 This court recently considered some of the issues raised by Quiambao's petition for review. In Dupo v. Office of Personnel Management, 69 F.3d 1125 (Fed.Cir.1995), Severino Dupo had been employed by nonappropriated fund instrumentalities (NAFIs) throughout his entire career with the Navy. We held that service under a NAFI "is not, as a general rule, creditable service for purposes of the CSRA." The court stated:
 
 
 5
 According to 5 U.S.C. § 2105(c) (1994), a NAFI employee is explicitly excluded from the definition of an "employee" for purposes of the laws administered by OPM, except where otherwise provided. The CSRA is a law administered by OPM. See 5 U.S.C. 8347(a).
 
 
 6
 Dupo, 69 F.3d at 1128. We noted, however, that an individual who was employed by a NAFI is entitled to civil service retirement credit if (1) the service was performed between June 18, 1952 and January 1, 1966; (2) the service performed during that period involved conducting certain activities for personnel of the armed forces; and (3) the individual was an employee subject to the CSRA on November 9, 1986. See 5 U.S.C. 8332(b)(16). We determined that although Dupo's service satisfied the first requirement, there was no evidence that Dupo "led, managed or directed any of the recreational activities described in section 8332(b)(16)." Further, we determined that Dupo had been separated from his NAFI service with the Navy on January 30, 1981, and thus was not subject to the CSRA on November 9, 1986. Accordingly, we concluded that Dupo did not have creditable service within the meaning of the CSRA.
 
 
 7
 OPM argues that the Board's decision that Quiambao was not entitled to retirement benefits should be summarily affirmed based on our holding in Dupo. Summary disposition of a case "is appropriate, inter alia, when the position of one party is so clearly correct as a matter of law that no substantial question regarding the outcome of the appeal exists." Joshua v. United States, 17 F.3d 378, 380 (Fed.Cir.1994). In the present case, Dupo is dispositive only of the AJ's determination that Quiambao was not entitled to retirement benefits on the basis of his earlier service. From 1947 until 1965, Quiambao was employed exclusively by a NAFI. Because he was not an employee subject to the CSRS on November 9, 1986, his NAFI service was neither creditable nor covered federal civilian employment. See 5 U.S.C. § 2105(c); 5 U.S.C. § 8332(b)(16).
 
 
 8
 With regard to the AJ's determination that Quiambao was not entitled to retirement benefits on the basis of his later service, we consider whether that determination may be summarily affirmed in accordance with our holding in Rosete v. Office of Personnel Management, 48 F.3d 514 (Fed.Cir.1995). In Rosete, Juanita Rosete argued that an "indefinite" appointment, such as hers, was not encompassed by the language of the statute that excluded only "temporary or intermittent" appointments. We held that OPM's regulation interpreting "temporary" as including indefinite appointments was "both reasonable and of long standing." Rosete, 48 F.3d at 519. Accordingly, we concluded that a federal retiree who had held an indefinite appointment in the excepted service did not have covered service within the meaning of the CSRA. Rosete, 48 F.3d at 520. Quiambao also served from 1967 until 1987 under a series of Rosete-like excepted, indefinite appointments. Further, the Board found that there was no evidence that Quiambao made contributions to the civil service retirement fund or that he was otherwise subject to the CSRA. Thus, Rosete is dispositive of the AJ's determination that Quiambao was not eligible for retirement benefits on the basis of his later service.
 
 
 9
 Accordingly,
 
 IT IS ORDERED THAT:
 
 10
 (1) OPM's motion for summary affirmance is granted.
 
 
 11
 (2) Each side shall bear its own costs.